UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 5:24-CR-16 |
| | ) |
| FRANK LUCIO CARILLO | ) |
| | ) |

### UNITED STATES' SENTENCING MEMORADUM

Frank Lucio Carillo ("Carillo") is scheduled to be sentenced by this Court on November 19, 2025 for sending threatening communications targeting then-Vice President Kamala Harris, Former President Barack Obama, and others. Carillo's vile threats to harm these public officials were serious and dangerous. Combined with his acquisition of firearms and online posts referencing his use of the firearms against the public and minority groups, Carillo posed a serious risk of harm. However, Carillo has no attributable criminal history. The United States Sentencing Guidelines call for a range of punishment between 30 and 37 months. The United States recommends a sentence of 30 months to reflect the 3553(a) factors.

### FACTUAL BACKGROUND

The United States incorporates by reference the facts stated in the "Offense Conduct" section of the PSR. PSR, ¶¶ 7-14. Essentially, Carillo had an account on the social media platform GETTR where he posted numerous threats towards public officials and minority groups. These occurred between November 2023 through July 2024. On July 27, 2024, Carillo made a series of comments specifically aimed at then-Vice President Kamala Harris and former President Barack Obama. The Federal Bureau of Investigation searched Carillo's home, pursuant to a search

1

warrant, and recovered two firearms he had recently purchased and referenced during other threats he had made.

Carillo was charged by criminal complaint and then indicted by a Grand Jury on August 28, 2024 with Fourteen Counts of making threatening communications. ECF No. 26. On April 24, 2025, Carillo pleaded guilty to two counts of making threatening communications. ECF No. 60. Carillo also agreed to a statement of facts. ECF No. 61.

## DETERMINING THE SENTENCE TO BE IMPOSED

Under 18 U.S.C. § 3553(a)(2), the district court must impose a sentence "sufficient, but not greater than necessary, to comply" with the four purposes of sentencing—just punishment, adequate deterrence, protection of the public, and rehabilitation through training or treatment. 18 U.S.C. § 3553(a)(2). To achieve that purpose, the district court must weigh the seven factors listed in § 3553(a)(1) through (a)(7). *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

Although the Guidelines are "effectively advisory," *United States v. Booker*, 534 U.S. 220, 245 (2005), their advisory nature does not mean that they are irrelevant to the imposition of a sentence. See *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Indeed, the Supreme Court has recognized that the Guidelines "seek to embody the [18 U.S.C.] § 3553(a) considerations, both in principle and in practice" and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). To that end, before imposing a sentence, the district court must "first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Then, the court must consider "what sentence is appropriate for the individual defendant in light of the four purposes of sentencing and the seven factors for achieving

those purposes." *United States v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009). Thus, a sentence outside the applicable guideline range is not presumptively unreasonable so long as "the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019). But, "the 'farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.'" *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)).

## ANALYSIS

### A. The PSR Correctly Calculated the Total Offense Level

The PSR properly determines that Carillo has a Total Offense Level of 19. PSR ¶ 38. This is derived from calculating the adjusted offense level for Count 6, which referenced threats made against then-Vice President Kamala Harris. PSR ¶¶ 19-24. This begins with a base offense of 12, a two-level enhancement for making more than two threats, and a six-level enhancement for threatening a government official. PSR ¶¶19-21. Count 14 relates to threats made against former President Barack Obama. This begins with a base offense of 12, and a six-level enhancement for threatening a government official. PSR ¶¶ 25, 27. Once the two groups for the offenses are added and acceptance of responsibility is applied, the Total Offense Level is 19. PSR ¶ 38.

Carillo has no attributable criminal history and so is Criminal History Category I. In total, the Sentencing Guidelines recommend a sentence of 30 to 37 months incarceration. PSR ¶ 61.

### B. The Factors in 18 U.S.C. § 3553(a) Warrant a sentence of 30 months
   i.   The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).

Carillo made numerous and repeated threats concerning public officials and minority groups. His conduct was serious and dangerous. Carillo's words expressed an intent to act and to harm. At the same time, Carillo had acquired firearms and referenced using the firearms in his posts. While no harm came from his actions, Carillo's actions are still deserving of significant punishment.

Despite the seriousness of the offense, Carillo has no criminal history. A sentence at the low end of the Guidelines range is appropriate.

> **ii.** **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Protect the Public, Provide Just Punishment, and Provide Adequate Deterrence**

The need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence, and protect the public supports a sentence within the range recommended by the government. *See* 18 U.S.C. § 3553(a)(2). Here, imposing a significant sentence would deter others from behaving in the same manner. It would likewise deter Carillo from re-engaging in this behavior and promote respect for our laws which criminalize making threatening communications.

> **iii.** **The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

A sentence within the Guidelines range of 30 to 37 is presumptively reasonable and is set by the direction of Congress and the United States Sentencing Commission. Additionally, the JSIN data attached to the PSR reflects that the median sentence for a similarly situated defendant is 30 months.

> **iv.** **Pertinent Policy Statement**

All relevant policy statements are cited in this memorandum where appropriate.

A. **Sentencing Exhibits and Testimony**

The United States does not intend to present any evidence at the sentencing hearing unless it is required to do so to rebut any arguments or evidence raised by the defendant.

## CONCLUSION

Based on the above, absent other applicable departures, the Government respectfully requests that the Court sentence Frank Lucio Carillo to 30 months incarceration.

Respectfully submitted,

Robert N. Tracci
Acting United States Attorney

s/Sean M. Welsh
Sean M. Welsh, VSB No. 89660
Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel: 434.293.4283
Sean.Welsh@usdoj.gov

## C E R T I F I C A T E

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 12th day of November, 2025.

s/Sean M. Welsh
Sean M. Welsh