# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION
## CRIMINAL MINUTES – SENTENCING HEARING

**Case No.:  5:24CR16**                                      **Date: 5/8/2026**

---

**Defendant: Frank Lucio Carillo, Bond**          **Counsel:  Andrea Harris, FPD**
                                                  **Eli Sinai, Third Year Law Student**

---

**PRESENT:**      JUDGE:                Thomas T. Cullen
                  TIME IN COURT:        10:01a-11:02a 1h1min
                  Deputy Clerk:         C. Kemp
                  Court Reporter:       W. Stier
                  U. S. Attorney:       Sean Welsh
                  USPO:                 Angela George

**PROCEEDINGS:**
☒      Defendant remains fully satisfied with counsel.
☒      No objections to Presentence Report
☒      Court adopts Presentence Report.
☒      No evidence presented.
☒      Government presents argument.
☒      Defendant presents argument.
☒      Allocutions.

**SENTENCE IMPOSED AS FOLLOWS:**
**CBOP:**  30 months. This term consists of 30 months on Count 6 and 30 months on Count 14, to be served concurrently.
**SR:**    3 years. This term consists of 3 years on Count 6 and 3 years on Count 14, all such terms to run concurrently. - comply w/Standard, Mandatory & Special Conditions.
**SA:**    $200.00 due immediately.
**FINE:**  $100.00, consisting of $50.00 on each count.

**COURT RECOMMENDS AS FOLLOWS**:
1.  The Defendant be housed at FMC Butner due to his extensive medical history.

**MANDATORY CONDITIONS OF SUPERVISION**:
1.  You must not commit another federal, state, or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  The drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4.  You must cooperate in the collection of DNA as directed by the probation officer.

**STANDARD CONDITIONS OF SUPERVISION**:
1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

**SPECIAL CONDITIONS OF SUPERVISION:**
1.  Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, mental health treatment is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant shall participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.
2.  The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media],or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.
3.  The defendant shall pay any special assessment, fine, and restitution imposed by this judgment. Any unpaid monetary commitment (special assessment, fine, restitution) should be paid in equal monthly installments of $50 during the term of supervised release, to commence 60 days after release from imprisonment.
4.  The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.
5.  The defendant shall not possess a cellular telephone or other Internet-capable device without the court's prior approval, upon consultation with the probation officer. In cases where the court grants approval, use of such devices shall be conditioned on the defendant's compliance with a Computer Monitoring Program, authorizing the probation office to identify, monitor, access, and seize any such devices under the defendant's control.

**PAYMENT SCHEDULE:**
☒   A lump sum payment of $200.00 is due immediately, and during the term of imprisonment, payment in equal monthly installments of $25.00 or 25% of the defendant's income, whichever is less, to commence 60 days after the date of this judgment; and payment in equal  monthly installments of $50.00 during the term of supervised release, to commence 60 days after release from imprisonment.

**ADDITIONAL RULINGS:**
☒   Pursuant to the plea agreement in this case, Counts 1,2,3,4,5,7,8,9,10,11,12 and 13 are dismissed.
☒   Defendant advised of right to appeal.
☒   Defendant to remain on bond to self-report to the institution designated by the Bureau of Prisons as notified by the United States Marshal but no sooner than July 15, 2026.